UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LARRY DAVIS**                                               **CIVIL ACTION**

**VERSUS**                                                    **NO. 22-754**

**JOSEPH LOPINTO**                                            **SECTION: "D"(5)**

## REPORT AND RECOMMENDATION

This 42 U.S.C. § 1983 proceeding was filed *in forma pauperis* by *pro se* Plaintiff, Larry Davis, against Defendant, Sheriff Joseph Lopinto.  (Rec. Docs. 1, 2).  Davis is currently a pretrial detainee at the Jefferson Parish Correctional Center.  Since he was charged with four counts of armed robbery in March 2019, Davis has brought a variety of civil proceedings, including two § 1983 complaints, a 28 U.S.C. § 2241 habeas petition and a 28 U.S.C. § 2254 habeas petition.[1]  In this complaint, he claims that he was mistakenly identified and falsely arrested and imprisoned on one of the armed robbery counts, which was ultimately dropped because no witness could identify him.[2]

Federal law requires that federal district courts promptly review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and dismiss the complaint if it is malicious.  28 U.S.C. § 1915A(a), (b)(1); 28 U.S.C. § 1915(e)(2)(B)(i).  The United States Fifth Circuit has made it clear that a

---

[1] Davis' Section 2254 habeas is currently pending. *Davis v. Harry Lee, et al.*, 22-173 "D"(1). His Section 2241 habeas was closed after he failed to pay the $5.00 filing fee. *Davis v. Harry Lee*, 22-172 "J"(4). His prior Section 1983 complaint is discussed at length later in this report.

[2] Contrary to his allegations, the state-court record for his criminal proceeding, submitted by the State in response to his Section 2254 petition for habeas corpus relief, shows that all four armed-robbery counts under Louisiana Revised Statutes 14:64, 14:64.3(A), as charged in the bill of information, remain pending against Davis. It appears that two of the counts share the same item number, C2233019, and the remaining two counts are identified as C2246819 and C2301319. The record does not show that any charges against Davis were dropped.

duplicative complaint is malicious if it asserts claims previously asserted by the plaintiff in another lawsuit, either pending or resolved, even if it adds new or different defendants. *Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 344 (5th Cir. 2013) ("A case is duplicative if it involves 'the same series of events' and allegations of 'many of the same facts as an earlier suit.' "); *Bailey v. Johnson*, 846 F. 2d 1019, 1021 (5th Cir. 1988) (affirming dismissal of successive complaint suing different defendants but repeating the same factual allegations asserted in earlier case).

Court records refute Davis' false claim that he has not begun other lawsuits in state or federal court dealing with the same facts involved in this action or relating to his imprisonment (Complaint, Rec. Doc. 1, p. 2). In fact, this complaint repeats the same allegations he made in a prior case, although his latest complaint names Sheriff Lopinto, rather than the State of Louisiana and the Twenty-Fourth Judicial District Court for Jefferson Parish. In December 2021, Davis filed Civil Action No. 21-2270 "T"(5), in which he claimed that he was arrested on four charges of armed robbery in March 2019, but falsely imprisoned for some time on one of those charges, due to mistaken identification, and that charge was ultimately dismissed after another inmate pleaded guilty. United States District Judge Greg Guidry recently dismissed that lawsuit with prejudice as frivolous and for failing to state a claim upon which relief can be granted. *Larry Davis v. State of Louisiana*, *24th JDC*, Civ. Action No. 21-2270 "T"(5) (E.D. La.). Davis did not object to the report and recommendation in that case even though he was given ample opportunity to do so. Davis has now filed another lawsuit asserting the same claims against a different defendant. However, for the reasons expressed, this successive and duplicative lawsuit should be dismissed as malicious.

**RECOMMENDATION**

For the foregoing reasons, **IT IS RECOMMENDED** that Davis' complaint be **DISMISSED WITH PREJUDICE** as malicious.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this  13th   day of _____April_____, 2022.

                                                 MICHAEL B. NORTH
                                          UNITED STATES MAGISTRATE JUDGE

---

[3] *Douglass* referenced the previously-applicable 10-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.